IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CODY MICHAEL ROBERTS,

                     Plaintiff,

v.

BRYAN T. GERRY, AUSTIN SCHLACHTER,
ANDREW JAMES JEZUIT, JASON KOEHN,
CAPTAIN BEST, VICTORIA POOLE,

                     Defendants.

OPINION AND ORDER

20-cv-187-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Cody Michael Roberts is proceeding on claims that prison staff at Columbia Correctional Institution violated his Eighth Amendment rights in various ways. Now before the court is defendants' motion for partial summary judgment on the ground that plaintiff failed to exhaust his administrative remedies with respect to his conditions of confinement claim against defendants Bryan Gerry, Victoria Poole and Austin Schlachter. Dkt. #16. Because defendants have shown that plaintiff failed to exhaust his administrative remedies as to that claim, I will grant defendants' motion and dismiss that claim without prejudice.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1

available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the jail or prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88–89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendants. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. Id. § 310.10(10). If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Id. § 310.11. If an inmate disagrees with the decision of the reviewing authority, he may appeal to the corrections complaint examiner. Id. § 310.12. The corrections complaint examiner then recommends

a decision to the Secretary of the Department of Corrections, who adopts or rejects the recommendation.  Id.

Plaintiff is proceeding in this case on the following Eighth Amendment claims: (1) defendant Andrew Jezuit used excessive force against him; (2) defendants Bryan Gerry, Austin Schlachter and Victoria Poole subjected him to inhumane conditions of confinement by leaving him in a cold, concrete cell without any clothing or blankets; (3) defendant Jason Koehn subjected him to psychological harassment; and (4) Captain Best failed to intervene to stop Koehn's harassment.

The facts relevant to defendants' motion are undisputed.  Plaintiff filed three inmate complaints related to his claims.  In CCI-2019-14037, plaintiff complained about excessive force used by defendant Jezuit during a cell extraction.  Dkt. #18-2 at 8-9.  In CCI-2019-15306, plaintiff complained about harassment by defendants Koehn and Best.  Dkt. #18-3 at 10-11.  In CCI-2019-15334, plaintiff complained that an "Officer Cain" admitted to him that he had broken plaintiff's ribs during the earlier cell extraction.  Dkt. #18-4 at 8.

Defendants argue that none of plaintiff's inmate complaints was sufficient to exhaust a conditions of confinement claim against Gerry, Schlachter or Poole.  I agree.  An inmate's complaint is sufficient for exhaustion purposes if it provides notice to jail officials of "the nature of the wrong for which redress is sought."  Schillinger v. Kiley, 954 F.3d 990, 995 (7th Cir. 2020) (citation omitted).  Plaintiff did not mention being placed in a concrete or cold restrictive housing unit cell without clothes in any of his complaints.  He also did not mention any actions taken by defendants Gerry, Schlachter or Poole.  Therefore, plaintiff's

3

complaints were not sufficient to exhaust his administrative remedies with respect to his condition of confinement claims.

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment, dkt. #16, is GRANTED. Plaintiff Cody Michael Roberts' conditions of confinement claim against defendants Bryan Gerry, Austin Schlachter and Victoria Poole is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies as to this claim and these defendants before filing suit.

Entered this 6th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge