IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CODY MICHAEL ROBERTS,

                Plaintiff,

   v.                                                         OPINION and ORDER

ANDREW JAMES JEZUIT, JASON KOEHN,                    20-cv-187-jdp
and SHELDON BEST,

                Defendants.

---

Pro se plaintiff Cody Roberts contends that defendants Andrew James Jezuit, Jason Koehn, and Sheldon Best, security staff at Columbia Correctional Institution, violated his constitutional rights. Specifically, he contends that (1) Jezuit used excessive force against him; (2) Koehn subjected him to psychological harassment; and (3) Best failed to intervene to stop Koehn's harassment. Trial is scheduled for September 27, 2021. The court will hold a final pretrial conference by video conference on September 17, at 10:00 a.m.

This order addresses the parties' motions in limine and Roberts's motions for writs of habeas corpus ad testificandum for inmate witnesses. Attached to this order are drafts of the court's versions of the voir dire, jury instructions, and special verdict form.

ANALYSIS

**A. Motions in limine**

    **1. Roberts's motions in limine**

Roberts filed five motions in limine. Dkt. 49. Defendants do not oppose Roberts's motions to exclude evidence of contraband items found in Roberts's cell (motion 2), or

Roberts's motions to exclude evidence regarding his criminal history and prison disciplinary record (motion 4). So those motions will be granted as unopposed.

Roberts's other three motions (motions 1, 3, and 5) relate to evidence regarding what occurred shortly before the force incident on July 25. Roberts asks the court to exclude evidence of him being extracted from his cell (motion 1); any video footage prior to him being restrained in the restrictive housing unit (motion 3); and any evidence related to his cellmate (motion 5). Defendants oppose the motion, arguing that such evidence is relevant to defendants' defenses and any possible damages award.

I will not preclude defendants from presenting witness testimony about the events of July 25, 2019, including the cell extraction and behavior of Roberts's cellmate. Such testimony provides context for the why Roberts was removed from his cell, why he was restrained, why so many officers were present, and why the officers were dressed in protective gear.

As for the video evidence, defendants have produced several videos from July 25, and it is not clear from their trial materials whether they intend to present all of the footage at trial. I have reviewed the video evidence and agree with defendants that the video footage involving Roberts, including his cell extraction, is relevant to the claims and defense in this case. The extraction will provide the jury with a more complete picture of the circumstances leading up to the use of force incident, including Roberts's physical and mental state and his level of cooperation.

However, I will restrict the scope of the video footage that defendants may present. The cell extraction footage is lengthy, and it includes several minutes during which officers are standing at Roberts's closed cell door attempting to gain compliance. The same video also includes several minutes in which officers are wheeling Roberts to the restrictive housing unit.

This footage would not be helpful to a jury in deciding whether Jezuit used excessive force on Roberts, and it would take unnecessary time at trial. Defendants may testify that they had to wait at Roberts's cell front until he cooperated, and that they later transported him across prison grounds, but they must edit the footage to reduce the amount of time in which officers are simply waiting or transporting Roberts. Defendants also must edit the cell extraction video to remove the footage of Roberts's cellmate being extracted from the cell and restrained. The cellmate's extraction and restraint took several minutes and would not be useful to the jury.

I also will not permit defendants to show the footage of Roberts's cellmate being taken to a decontamination shower and strip search. That portion of the video is lengthy and is not probative of whether Jezuit's use of force toward Roberts were excessive. In addition, there is a risk that the jury could unfairly impute the cellmate's behavior to Roberts. Defendants may testify briefly about their interactions with the cellmate and how it influenced their decisions regarding Roberts, but they may not show the video footage of the cellmate to the jury.

2. **Defendants' motions in limine**

Defendants filed five motions in limine. Dkt. 54 and Dkt. 61. First, defendants seek to exclude testimony or evidence about other legal proceedings involving defendants, inmate grievances against defendants except those from Roberts related to this case, and defendants' work personnel file. I will grant this motion. I see no reason why such evidence would be relevant to Roberts's excessive force and harassment claims, and Roberts has not identified one. And even if such evidence was marginally relevant, it would be distracting to the jury, which should be able to resolve Roberts's claims by considering witness testimony and clear video evidence of the incidents at issue.

Defendants' second motion is related to the first. Defendants seek to preclude plaintiff from presenting evidence or testimony about other lawsuits against the Department of Corrections or its current and former employees. I will grant this motion for the same reasons as the previous one.

Third, defendants seek to exclude testimony regarding any previous allegation of excessive force against defendant Jezuit. I will grant this motion because such evidence would be improper character evidence under Federal Rule of Evidence Rule 404(b). That rule prohibits evidence of a person's prior bad acts if the evidence would be used to show that the person has a propensity to engage in bad acts. Evidence that other inmates have accused Jezuit of excessive force would violate this rule because the evidence would suggest to the jury that Jezuit was inclined to use excessive force on inmates.

Fourth, defendants seek to preclude Roberts from arguing or claiming damages other than those directly related to defendant Jezuit's alleged use of excessive force after Roberts was restrained. Defendants specifically argue that Roberts should not be permitted to request damages for alleged injuries he sustained from falling while he was handcuffed. I will grant this motion in part and deny it in part. Roberts was denied leave to proceed on claims related to his falling and injuring his ribs, Dkt. 9, at 8, so he may not seek damages for alleged injuries he incurred from falling.

But Roberts was granted leave to proceed on psychological harassment and failure to intervene claims against defendants Koehn and Best. The Prison Litigation Reform Act requires a prisoner to prove physical injury to recover compensatory damages for emotional harm. 42 U.S.C. § 1997e(e). Roberts has never alleged that Koehn's or Best's actions caused him physical

4

injury, so he cannot obtain compensatory damages for his claims against them. But he may seek nominal and punitive damages for those claims.

Fifth, defendants seek to preclude Roberts from arguing for or claiming compensatory damages related to harassment claims against defendants Koehn and Best. This motion is related to the previous motion, and I will grant it. As stated above, Roberts may seek nominal and punitive damages on his claims against Koehn and Best.

**B. Roberts's petitions for writs of habeas corpus ad testificandum**

Roberts filed petitions requesting writs of habeas corpus ad testificandum for three inmate witnesses who are incarcerated at Columbia Correctional Institution: Nathan Binns; Davion Ross; and Anthony Harmon. Defendants do not object to Binns and Ross testifying at trial, but request that they testify by videoconference. Defendants' request is reasonable in light of the coronavirus pandemic and these witnesses' anticipated testimony. So I will permit Binns and Ross to testify, but they will testify by video.

As for Anthony Harmon, Roberts says that Harmon will testify that Jezuit used excessive force on him in the past. Harmon's testimony would be improper character evidence under Rule 404(b). Roberts would be using Harmon's testimony about Jezuit's alleged history of excessive force to argue that Jezuit likely used excessive force against Roberts as well. Because such evidence is prohibited, and unnecessary in light of the clear video evidence in this case, I will deny Roberts's request for Harmon to testify at trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Cody Michael Roberts's motions in limine, Dkt. 49, are GRANTED IN PART and DENIED IN PART, as set forth above.

2. Defendants' motions in limine, Dkt. 54 and Dkt. 61, are GRANTED IN PART and DENIED IN PART, as set forth above.

3. Plaintiff's petition for a writ of habeas corpus ad testificandum for Anthony Harmon, Dkt. 45, is DENIED.

4. Plaintiff's petitions for writs of habeas corpus ad testificandum for Nathan Binns and Davion Ross, Dkt. 43 and Dkt. 44, are GRANTED IN PART and DENIED IN PART. These witnesses will not be brought to court for trial, but they will be permitted to testify via videoconference. The clerk of court is directed to make arrangements with Columbia Correctional Institution to facilitate their testimony.

Entered September 13, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge