IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CODY MICHAEL ROBERTS,

                Plaintiff,

v.                                                OPINION and ORDER

ANDREW JAMES JEZUIT, JASON KOEHN,        20-cv-187-jdp
and SHELDON BEST,

                Defendants.

---

Plaintiff Cody Michael Roberts alleged that security staff at Columbia Correctional Institution violated his constitutional rights. He alleged that defendant Andrew Jezuit used excessive force against him, defendant Jason Koehn subjected him to psychological harassment, and defendant Sheldon Best failed to intervene to stop Koehn's harassment. A two-day jury trial was held on September 29 and 30, 2021, at which Roberts represented himself. After Roberts presented his case, I granted a directed verdict to Best on Roberts's claim against him. Defendants then presented their case, after which the jury returned a verdict in favor of defendants on the remaining claims against Jezuit and Koehn. Dkt. 90.

Roberts has filed a motion to set aside the verdict on his claims against defendants Koehn and Best. Dkt. 96. Although Roberts does not cite any particular rule in his motion, I assume that he is filing a motion for a new trial or to alter the judgment under Rule 59 of the Federal Rules of Civil Procedure. He filed his motion within 28 days of the entry of judgment, and he is seeking a remedy available under Rule 59. To prevail on a Rule 59 motion, Roberts must show that the jury's verdict was against the manifest weight of the evidence or that the trial was unfair to him. *See Lewis v. McLean*, 941 F.3d 886, 891 (7th Cir. 2019); *Martinez v. City of Chicago*, 900 F.3d 838, 844 (7th Cir. 2018).

Roberts argues that the trial was unfair because defendants intentionally withheld body camera footage of defendant Best speaking to defendant Koehn about Koehn's harassment of Roberts. Roberts states that the jury likely would have found in his favor if it had viewed the footage, because the footage showed Koehn lying about his treatment of Roberts. Roberts also has filed a related motion to compel defendants to produce the footage. Dkt. 95.

I will deny Roberts's motions for two reasons. First, the camera footage that Roberts seeks does not exist. Defendants have provided a sworn declaration from Rae Boyer, the litigation coordinator at Columbia Correctional Institution, in which Boyer states that she showed Roberts all of the footage from Best's body camera from the relevant dates. Boyer states that there is no body camera footage of Best talking to Koehn about his harassment of Roberts. Boyer Decl., Dkt. 105, ¶¶ 16–18. Roberts has submitted no evidence to refute Boyer's sworn statements.

Second, even if the alleged footage existed, it would have made no difference to the outcome of the case. Roberts's claims against Koehn and Best were based on statements that Koehn made to Roberts after Roberts was injured by another correctional officer. Roberts argued that Koehn violated his Eighth Amendment rights by making threatening statements to intentionally inflict psychological pain on Roberts. At trial, Koehn admitted that he made the statements to Roberts, and the jury listened to a video recording of the actual interaction between Koehn and Roberts. Best testified about his conversation with Koehn about Koehn's statements, and Koehn admitted at trial that he had lied to Best. The jury considered all of this evidence and concluded that, even though Koehn made disparaging statements to Roberts and lied about them later, Koehn did not intentionally inflict psychological pain on Roberts. A

video recording of the conversation between Koehn and Best, if one existed, would have been cumulative and would have made no difference to the jury's verdict.

In sum, Roberts has not shown that the verdicts should be vacated or that he is entitled to a new trial.

ORDER

IT IS ORDERED that plaintiff Cody Michael Roberts's motion to compel, Dkt. 95, and motion to set aside the verdict, Dkt. 96, are DENIED.

Entered January 13, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge